**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-02377-RBJ-NYW

ASSOCIATED BANK, NATIONAL ASSOCIATION,
A NATIONAL BANKING ASSOCIATION,
AS ADMINISTRATIVE AGENT FOR CERTAIN SECURED PARTIES,

      Plaintiff.

v.

TIMBER CREEK HOLDINGS LLC; HARLEY TRIUMPH, LLC;
TIMBER CREEK SERVICES, LLC;TIMBER CREEK OPERATING, LLC; and
TIMBER CREEK ENERGY LLC,

      Defendants.

**ORDER AUTHORIZING SALE OF SUBSTANTIALLY
ALL OF DEFENDANTS' ASSETS FREE AND CLEAR OF
ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

This matter coming before the Court on the Motion of David M. Baker, not individually, but solely as Court-appointed Receiver ( "Receiver"), with respect to the assets and operations (the "Receivership Estate") of Timber Creek Holdings LLC, Harley Triumph, LLC, Timber Creek Services, LLC, Timber Creek Operating, LLC, and Timber Creek Energy LLC (collectively, "Defendants"), seeking entry of an order authorizing the sale (the "Sale") of substantially all of Defendants' assets free and clear of all liens, claims, encumbrances and interests (the "Motion");[1] and the Court having reviewed and considered the Motion; and being advised that, as to the relief granted herein, no party which has appeared in this matter opposes the relief sought; and having considered but rejected the objections of non-party Evergreen

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement (as defined herein), as applicable.

Natural Resources LLC as set forth at ECF No. 16; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is:

**HEREBY FOUND AND DETERMINED THAT**:

A.All assets subject to the Sale are located in this District. Accordingly, the Court has jurisdiction over all assets of Defendants subject to the Sale.

B.Reasonable notice of the Motion and the Sale, and a reasonable opportunity to object or be heard with respect to the Motion and the Sale has been afforded to all interested persons and entities entitled to notice.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.The Motion is GRANTED.

2.The Receiver has good, marketable and valid title to, or, in the case of property leased or licensed by the Defendants, a valid and subsisting leasehold interest in or a legal, valid and enforceable licensed interest in or right to use, and pursuant to this Order has the right to sell, transfer, convey, assign and deliver, the Purchased Assets to Ogris Operating, LLC (or its designee or assignee) (the "Purchaser") on the terms of this Order and pursuant to the terms of that certain Purchase and Sale Agreement dated June 25, 2020 (the "Purchase Agreement"), by and between Purchaser and Receiver.

3.The Receiver is authorized: (a) to consummate the Sale and (b) to sell the Purchased Assets to Purchaser under the terms and conditions of the Purchase Agreement and to perform his obligations and undertakings thereunder. The Receiver is also authorized to execute, deliver, and perform under and consummate, the Purchase Agreement, together with all additional instruments and documents desirable to implement the Purchase Agreement and to take all further actions (a) reasonably requested by Purchaser to assign, transfer and convey to

Purchaser the Purchased Assets, including the Assigned Contracts; (b) appropriate to the performance of its obligations under the Purchase Agreement; and (c) as may be reasonably requested by Purchaser to consummate the Sale under the Purchase Agreement, and may modify the Purchase Agreement and schedules to make immaterial changes, without further order of this Court.

4. This Order and the Purchase Agreement shall bind in all respects the Purchaser, the Receiver, the Receivership Estate and the Defendants and their affiliates, all creditors (known or unknown) of any of the Receiver, Receivership Estate or the Defendants, all interested Persons and entities, and their respective successors and assigns, including, but not limited to, any party asserting a claim or Claims (defined below) relating to the Purchased Assets.

5. The transfer of the Purchased Assets to Purchaser shall (a) be a valid, legal and binding transfer; (b) vest in Purchaser all right, title and interest of the Receiver, the Receivership Estate and the Defendants in the Purchased Assets; and (c) convey good, marketable and valid title to, or, in the case of property leased or licensed, a valid and subsisting leasehold interest in or a legal, valid and enforceable licensed interest in or right to use, all of the Purchased Assets, free and clear of all interests, charges, liens, claims, mortgages, subleases, hypothecations, deeds of trust, pledges, security interests, options, rights of use, first offer or first refusal, easements, servitudes, restrictive covenants, encroachments, encumbrances, or similar restrictions of any kind, whether arising before or after the appointment of the Receiver, whether at law or in equity, including all claims or rights based on any successor or transferee liability, all labor and employment claims, all environmental claims, all change in control provisions, all rights to object or consent to the transfer of the Purchased Assets to Purchaser or to be excused from accepting performance by Purchaser or performing for Purchaser under any Assigned

Contracts and all rights at law or in equity (collectively, the "Claims"), except Assumed Obligations and Permitted Encumbrances, or as is otherwise set forth in the Purchase Agreement.

6.   All Claims shall attach to the proceeds of the Sale ultimately attributable to the Purchased Assets against or in which such Claims are asserted, or other so dedicated funds held by the Receiver, in the order of their priority, with the same force and effect which they now have as against the Purchased Assets, subject to any rights, claims and defenses the Receiver may possess. Purchaser shall have no liability on account of the Claims, except to the extent of any Assumed Obligations or Permitted Encumbrances or as otherwise set forth under the Purchase Agreement.

7.   Except as expressly provided in the Purchase Agreement, all Persons (and their successors and assigns), including, but not limited to, all debt holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders, customers, employees, trade creditors, litigation claimants and other creditors, holding Claims (legal or equitable, secured or unsecured, known or unknown, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under, in connection with or in any way referring to, Defendants or the Receivership Estate, ownership or operation of the Purchased Assets prior to Closing, or the sale of the Purchased Assets to Purchaser, are forever barred, estopped and enjoined from asserting such Claims against Purchaser, its successors or assigns, its property or the Purchased Assets.

8.   This Order:  (a) shall be effective as a determination that, as of the Closing, (i) no Claims (except Assumed Obligations and Permitted Encumbrances or as otherwise set forth in the Purchase Agreement) may be asserted against the Purchaser, its affiliates, successors or assigns or any of their respective assets (including the Purchased Assets), whether or not due and

payable as of the Closing, (ii) the Purchased Assets shall have been transferred to Purchaser free and clear of all Claims and (iii) the conveyances described herein have been effected; and (b) is binding upon and governs the acts of all Persons and entities, including, without limitation, filing and title agents and companies, registrars of intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other Persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or record or release any documents or instruments, or who may be required to report or insure any title or state of title in any lease; and each of the foregoing is directed to accept for filing all documents and instruments appropriate to consummate the Purchase Agreement.

9.      If any Person or entity that has filed financing statements, mortgages, mechanic's liens or other similar documents evidencing Claims against the Purchased Assets shall not have delivered to the Receiver prior to the Closing of the Sale, in proper, executed form for filing, termination statements, instruments of satisfaction, releases of all interests (collectively, the "<u>Releases</u>")that the Person or entity has with respect to Defendants and the Receivership Estate or the Purchased Assets, then only with regard to the Purchased Assets that are purchased by Purchaser pursuant to the Purchase Agreement and this Order:  (a) Receiver is authorized to execute and file such Releases on behalf of the person or entity with respect to the Purchased Assets; and (b) Purchaser is authorized to file, register or otherwise record a certified copy of this Order, which, shall constitute conclusive evidence of the release of all Claims against the applicable Purchased Assets.  This Order is deemed to be in recordable form sufficient to be placed in any filing system or office.

10.     After the Closing of Sale, no holder of any Claim or other Person shall interfere

with the Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, or based on any actions the Receiver, the Receivership Estate or the Defendants, their present or former agents, servants, officers, directors, representative or employees (collectively, the "Timber Creek Agents") may take.  All Persons, including, without limitation, the Defendants and the Timber Creek Agents are permanently enjoined from taking any action to adversely affect the Purchase Agreement, this Order or the operation of the Purchaser's business or its quiet enjoyment of the Purchased Assets, or from interfering with or taking action to reduce the value of any or all Purchased Assets.

11. The Receiver's assumption and assignment to the Purchaser of all of the Receiver's, the Receivership Estate's and/or the Defendants' right, title and interest in or under the Assigned Contracts are approved.  The Receiver shall be deemed to have assumed and assigned all Assigned Contracts, and the Purchaser to have assumed each of the Assumed Obligations in accordance with the terms and conditions of the Purchase Agreement, effective only upon the Closing of the Sale.  Further, for purpose of clarity, the Assigned Contracts are part of the Purchased Assets.

12. The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of Purchaser in accordance with their respective terms, notwithstanding any provision thereof that prohibits, restricts or conditions such transfer.  Purchaser will be responsible to pay all amounts accruing on and after the Closing under the Assigned Contracts and as otherwise set forth in the Purchase Agreement.

13. The Sale is not a bulk sale, and no bulk sales law shall apply

14. The Purchaser is not a continuation of the Receiver, the Receivership Estate or the Defendants.  No common identity of incorporators, directors or stockholders exists between the

Purchaser and the Receivership Estate. The Sale is not being entered into fraudulently and the consideration paid by the Purchaser for the Purchased Assets is fair and reasonable. The Purchase Agreement was negotiated, and has been entered into in good faith, at arm's length bargaining positions.

15. Absent stay pending appeal, Receiver and Purchaser will be acting in good faith, in closing the Sale after entry of this Order and this is a receivership action and thus pursuant to Federal Rule of Civil Procedure 62(a)(1) the stay of enforcement by Federal Rule of Civil Procedure Rule 62(a) does not apply and the parties may close the Sale upon entry of this Order.

16. The failure specifically to include any particular provisions of the Purchase Agreement or any related agreements in this Order shall not diminish the effectiveness of such provision, it being the intent of this Court, the Receiver and the Purchaser that the Purchase Agreement and any related agreements are authorized and approved herein in their entirety with such amendments as are consistent herewith.

17. The Purchase Agreement may be modified or supplemented in accordance with its terms, without further order of this Court absent material change to the terms of the Purchase Agreement or this Order.

18. This Court shall retain jurisdiction to, among other things, interpret, enforce and implement the provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of all related agreements), to adjudicate disputes related to this Order or the Purchase Agreement and to enter any orders regarding Assigned Contracts.

19. The Receiver is authorized to pay from sales proceeds, all reasonable and customary closing costs, including, without limitation, the RedOaks Fee (as defined in the Sale

Motion) and costs. Any balance of sales proceeds shall be placed in the Receiver's receivership account for distribution per the Order for Appointment of Receiver entered September 16, 2019 [Dkt. No. 8].

20. The relief granted herein is in the best interests of the Receivership Estate, and its creditors and other parties in interest.

Dated this 4th day of August, 2020.

*/s/ Brooke Jackson*

_____
HON. R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE